UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASTECH INTERNATIONAL, LLC<br>17950 E. Dorado Drive<br>Centennial, CO 80015 | )<br>)<br>)<br>) | Civil Action No. |
| and | )<br>) | |
| CHRISTOPHER M. CASHMAN<br>1502 East Grand Oak Lane<br>West Chester, PA 19380 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| ROBERT MULLEN<br>1920 South Ocean Boulevard<br>Unit #14<br>Delray Beach, Florida 33483 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| RONALD CRAVENS<br>14706 Sherwood<br>Leawood, KS  66224-3839 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| CLAIR GUSTAFSON<br>18980 436 Avenue<br>Bryant, SD 57221 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| KENNETH ODDE<br>11155 South Dakota Highway 1804<br>Pollock, SD 57648 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| BRUCE VAN DER KAMP<br>17950 East Dorado Drive<br>Centennial, CO 80015,<br>                Plaintiffs | )<br>)<br>)<br>)<br>)<br>) | |

v.                                    )
                                      )
LAWRENCE A. HUSICK, ESQUIRE,          )
Individually and as a partner in Lipton, )
Weinberger & Husick                   )
1617 Sorrel Road                      )
Malvern, PA 19355                     )
                                      )
        and                           )
                                      )
ROBERT S. LIPTON, ESQUIRE,            )
Individually and as a partner in Lipton, )
Weinberg, & Husick                    )
201 North Jackson Street              )
Media, PA 19063                       )
                                      )
        and                           )
                                      )
LAURENCE A. WEINBERGER, ESQUIRE       )
Individually and as a partner in Lipton, )
Weinberger & Husick                   )
429 Exton Commons                     )
Exton, PA 19341-2451                  )
                                      )
        and                           )
                                      )
LIPTON, WEINBERGER & HUSICK,          )
a general partnership                 )
201 North Jackson Street              )
Media, PA 19063,                      )
                     Defendants       )   JURY TRIAL DEMANDED


## COMPLAINT

PARTIES AND JURISDICTION

     1.    Plaintiff ASTech International, LLC ("ASTech"), is a limited liability company

incorporated under the laws of the State of Colorado having its principal place of business in the

State of Colorado.

     2.    Plaintiff Christopher M. Cashman is an adult individual residing at the above

2

captioned address.

3.      Plaintiff Robert Mullen is an adult individual residing at the above captioned address.

4.      Plaintiff Ronald Cravens is an adult individual residing at the above captioned address.

5.      Plaintiff Clair Gustafson is an adult individual residing at the above captioned address.

6.      Plaintiff Kenneth Odde is an adult individual residing at the above captioned address.

7.      Plaintiff Bruce Van Der Kamp is an adult individual residing at the above captioned address.

8.      Defendant Lawrence A. Husick, Esquire ("Husick"), is an adult individual licensed to practice law in the Commonwealth of Pennsylvania and admitted to practice before the United States Patent & Trademark Office ("USPTO") with offices in Delaware and Chester Counties, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.  Plaintiffs are asserting professional liability claims against this defendant.

9.      Defendant Robert S. Lipton, Esquire ("Lipton"), is an adult individual licensed to practice law in the Commonwealth of Pennsylvania and admitted to practice before the USPTO with offices in Delaware and Chester Counties, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.  Plaintiffs are asserting professional liability claims against this defendant.

10.     Defendant Laurence Weinberger, Esquire ("Weinberger"), is an adult individual

3

licensed to practice law in the Commonwealth of Pennsylvania and admitted to practice before

the USPTO with offices in Delaware and Chester Counties, Pennsylvania, and is a citizen of the

Commonwealth of Pennsylvania.  Plaintiffs are asserting professional liability claims against this

defendant.

11.     Defendant Lipton, Weinberger & Husick ("the Law Firm") is a general

partnership, or, alternatively, a professional corporation, of licensed professionals having its

principal place of business at the above-captioned address in the Commonwealth of

Pennsylvania with offices in Delaware and Chester Counties, Pennsylvania.  Plaintiffs are

asserting professional liability claims against this defendant.

12.     The amount in controversy, without interest and costs, exceeds the sum or value

specified by 28 U.S.C. §1332.

13.     This action arises under Acts of Congress relating to patents, 35 U.S.C. chapters

10, 11, and 35.

BACKGROUND

14.     At all times material hereto each of the individual defendants was a general

partner, or, alternatively, shareholder and employee, of the defendant Law Firm.

15.     In performing all of the acts complained of herein, Defendant Husick was at all

times material hereto acting within the course and scope of his duties as a partner, or,

altenatively, employee, of the law firm Lipton, Weinberger & Husick, and as the partner and

agent of his partners, the Defendants Lipton and Weinberger.

16.     Since May 10, 2003, through assignment from the individual plaintiffs, Plaintiff

ASTech has owned an invention more fully identified in paragraph 19 below.

17.     At all times material hereto the individual plaintiffs have owned an invention more fully identified in paragraph 23 below.

18.     Plaintiffs retained the Law Firm in late 2001 to prepare and file patent applications for Plaintiffs for the two inventions and to obtain patents on the inventions.  Husick was the attorney assigned by the firm to perform the work.

19.     On January 23, 2002, pursuant to the retention, Husick filed on behalf of the individual plaintiffs, who then still owned the invention, Provisional U.S. Patent Application Ser. No. 60/652,131, Method for Positively Identifying Livestock and Use Thereof ("the Livestock Identification patent").

20.     On October 26, 2002, Plaintiffs instructed Husick to file a United States utility patent application claiming priority for the Provisional Application for the Livestock Identification patent.

21.     Instead of filing a United States utility patent application for the Livestock Identification patent, Husick filed a PCT application claiming priority for the Provisional Application.  Husick never filed an application for a United States utility patent.  As a result, Plaintiff ASTech's rights to file a United States utility patent application lapsed on July 23, 2004.

22.     Husick did not make anyone at Plaintiff ASTech nor any of the individual partners aware of this deadline nor did he inform any of them of the consequences and loss of rights that would result from failing to file the utility patent application prior to this deadline.

23.     On February 25, 2002, pursuant to the retention, Husick filed U.S. Patent Application. Ser. No. 10/084,592, Method and Composition for Delivery of Medicants to

Animals ("the On Muzzle patent").  The application was filed without declarations or the required filing fee.

24.     On April 18, 2002, the USPTO issued a Notice of Missing Parts to Husick advising him of his failure to file declarations and pay the filing fee for the On Muzzle patent.

25.     On November 26, 2003, the USPTO issued a notice of abandonment to Husick in regard to this patent application because Husick failed to respond to the Notice of Missing Parts.

25.     On December 15, 2003, after Husick realized that this application had gone to abandonment, he misrepresented to Plaintiffs that the abandonment had resulted from some clerical error in the USPTO, and intentionally concealed from Plaintiffs the fact that the abandonment had resulted from his neglect in failing to respond to the Notice of Missing Parts in a timely fashion.  Husick assured Plaintiffs that he would resolve the matter and the application would remain pending before the USPTO.

26.     Thereafter, Husick never made any effort with the USPTO to revive the application.

27.     In response to an e-mail inquiry by Plaintiffs on April 15, 2004, about the status of the two patent applications, Husick intentionally misrepresented that both were "in queue at PTO" and stated that he was "not concerned."

28.     When Plaintiffs again inquired by e-mail about the status of the patent applications on September 1, 2004, Husick responded that "no news is good news."

29.     Husick continued, in May of 2005, to misrepresent to Plaintiffs that the patent applications were still pending.  In response to Plaintiffs' e-mail on May 9, 2005, concerning the status of the patents, Husick stated: "I will check with the PTO, but at this time, your application

6

is just outside the average times now prevalent in the Patent Office…so you should not be worried."

30.     Husick repeatedly and intentionally misled Plaintiffs about the status of the patent applications leading them to believe that the patent applications were still pending.

31.     Plaintiffs eventually hired Lara Dickey Lewis, Esquire, to represent them in regard to the patent applications and to obtain the files from Defendants.  On July 21, 2005, Ms. Lewis sent a request to Husick in writing requesting that the patent application files be transferred to her firm.

32.      In response to this request Husick again engaged in intentional misrepresentation, falsely claiming 1) that the U.S. provisional application file, for the Livestock Identification patent, had been destroyed pursuant to the client's instructions and 2) that U.S. Patent Application No. 10/084,592 did not exist and consequently no file was available.  The only file provided was for PCT Patent Application No. PCT/US03/02073, for the Livestock Identification patent, from which all correspondence to and from Husick and Plaintiffs had been culled.

33.      From January, 2006, to April, 2006, Husick ignored multiple requests in writing and by telephone from Ms. Lewis about the existence of and transfer of Plaintiffs' remaining files.

34.     As a direct result of Husick's legal malpractice, Plaintiffs have lost valuable intellectual property rights and the profits to be derived from those rights, have been forced to incur additional legal fees and expenses, in an amount in excess of $5000, in an attempt to revive the patent applications, and paid to Husick fees and expenses, in the amount of $6393.50, for

work of no value and which resulted in the loss of Plaintiffs' property rather than its protection and preservation.  Plaintiffs' attempts to revive the patent applications have been to date and are unlikely to be successful.

COUNT I
Plaintiff ASTech v. Defendants

35.     Plaintiff incorporates herein by reference the averments set forth in paragraphs 1, 8 through 16, 18 through 22, and 27 through 34 above as if set forth at length in full.

36.     As a result of the attorney-client relationship between Plaintiff and Defendants, Husick owed Plaintiff a duty of the highest loyalty and a duty to represent Plaintiff with the reasonable care, skill and diligence possessed and exercised by the ordinary patent attorney in similar circumstances.

37.     Husick breached his duty of loyalty to Plaintiff when he concealed his negligence from and misrepresented the status of the patent application to Plaintiff to protect his own interests which were then materially adverse to those of Plaintiff.

38.     Husick's conduct was outrageous and in willful disregard of the rights of Plaintiff.

39.     Husick was negligent in his representation of Plaintiff in that he breached his duty to exercise the reasonable care, skill and diligence possessed and exercised by the ordinary patent attorney in similar circumstances.

40.     As a direct and proximate result of Husick's breach of the aforesaid duties, Plaintiff sustained the damage described above.

WHEREFORE, Plaintiff ASTech International, LLC, demands judgment against Defendants Lawrence A. Husick, Robert S. Lipton, Laurence A. Weinberger, and Lipton,

Weinberger & Husick, jointly and severally, for compensatory and punitive damages in an amount in excess of $150,000, exclusive of interest and costs.

## COUNT II
### Plaintiff ASTech v. Defendants

41.     Plaintiff incorporates herein by reference the averments set forth in paragraphs 1, 8 through 16, 18 through 22, and 27 through 34 above as if set forth at length in full.

42.     The conduct of Husick described herein constituted repeated breaches of his implied agreement to provide Plaintiff with professional services consistent with those expected of the patent bar at large and to follow the specific instructions of the client.

43.     As a direct and foreseeable consequence of Husick's breach of his implied service contract, Plaintiff sustained the damage described above.

WHEREFORE, Plaintiff ASTech International, LLC, demands judgment against Defendants Lawrence A. Husick, Robert S. Lipton, Laurence A. Weinberger, and Lipton, Weinberger & Husick, jointly and severally, for compensatory damages in an amount in excess of $150,000, exclusive of interest and costs.

## COUNT III
### Individual Plaintiffs v. Defendants

44.     The individual plaintiffs incorporate herein by reference the averments set forth in paragraphs 2 through 15, 17, and 23 through 34 above as if set forth at length in full.

45.     As a result of the attorney-client relationship between the individual plaintiffs and Defendants, Husick owed the individual plaintiffs a duty of the highest loyalty and a duty to represent the individual plaintiffs with the reasonable care, skill and diligence possessed and exercised by the ordinary patent attorney in similar circumstances.

46.     Husick breached his duty of loyalty to the individual plaintiffs when he concealed his negligence from and misrepresented the status of the patent application to the individual plaintiffs to protect his own interests which were then materially adverse to those of the individual plaintiffs.

47.     Husick's conduct was outrageous and in willful disregard of the rights of the individual plaintiffs.

48.     Husick was negligent in his representation of the individual plaintiffs in that he breached his duty to exercise the reasonable care, skill and diligence possessed and exercised by the ordinary patent attorney in similar circumstances.

49.     As a direct and proximate result of Husick's breach of the aforesaid duties, the individual plaintiffs sustained the damage described above.

WHEREFORE, Plaintiffs Christopher M. Cashman, Robert Mullen, Ronald Cravens, Clair Gustafson, Kenneth Odde, and Bruce Van Der Kamp, jointly, demand judgment against Defendants Lawrence A. Husick, Robert S. Lipton, Laurence A. Weinberger, and Lipton, Weinberger & Husick, jointly and severally, for compensatory and punitive damages in an amount in excess of $150,000, exclusive of interest and costs.

COUNT IV
Individual Plaintiffs v. Defendants

50.     The individual plaintiffs incorporate herein by reference the averments set forth in paragraphs 2 through 15, 17, and 23 through 34 above as if set forth at length in full.

51.     The conduct of Husick described herein constituted repeated breaches of his implied agreement to provide the individual plaintiffs with professional services consistent with those expected of the patent bar at large and to follow the specific instructions of the clients.

52.     As a direct and foreseeable consequence of Husick's breach of his implied service contract, the individual plaintiffs sustained the damage described above.

WHEREFORE, Plaintiffs Christopher M. Cashman, Robert Mullen, Ronald Cravens, Clair Gustafson, Kenneth Odde, and Bruce Van Der Kamp, jointly, demand judgment against Defendants Lawrence A. Husick, Robert S. Lipton, Laurence A. Weinberger, and Lipton, Weinberger & Husick, jointly and severally, for compensatory damages in an amount in excess of $150,000, exclusive of interest and costs.

COUNT V
Plaintiff ASTech v. Defendants

53.     Plaintiff incorporates herein by reference the averments of paragraphs 1, 8 through 16, 18 through 22, and 27 through 34 above as if set forth at length in full.

54.     Husick's misrepresentations were intended to lull Plaintiff into a false belief that Husick was representing it properly and to prevent discovery of his malpractice, all to induce Plaintiff into continuing the attorney-client relationship and to take no action to discover his malpractice.

55.     In reasonable reliance on Husick's misrepresentations Plaintiff continued to rely

11

upon him to obtain the Livestock Identification patent and did not investigate or hire substitute counsel until the Summer of 2005 and could not reasonably and did not discover what had happened until early 2006.

56.     As a direct and proximate result of Husick's intentional and/or negligent misrepresentations, Plaintiff was denied the opportunity to make prompt efforts to reinstate the patent applications and lost all opportunity to reinstate those patent applications because the efforts to do so were not timely.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and punitive damages in an amount in excess of $150,000, exclusive of interest and costs.

COUNT VI
Individual Plaintiffs v. Defendants

57.     The individual plaintiffs incorporate herein by reference the averments of paragraphs 2 through 15, 17, and 23 through 34 above as if set forth at length in full.

58.     Husick's misrepresentations were intended to lull the individual plaintiffs into a false belief that Husick was representing them properly and to prevent discovery of his malpractice, all to induce the individual plaintiffs into continuing the attorney-client relationship and to take no action to discover his malpractice.

59.     In reasonable reliance on Husick's misrepresentations the individual plaintiffs continued to rely upon him to obtain the On Muzzle patent and did not investigate or hire substitute counsel until the Summer of 2005 and could not reasonably and did not discover what had happened until early 2006.

60.     As a direct and proximate result of Husick's intentional and/or negligent

12

misrepresentations, the individual plaintiffs were denied the opportunity to make prompt efforts to reinstate the patent applications and lost all opportunity to reinstate those patent applications because the efforts to do so were not timely.

WHEREFORE, Plaintiffs Christopher M. Cashman, Robert Mullen, Ronald Cravens, Clair Gustafson, Kenneth Odde, and Bruce Van Der Kamp, jointly, demand judgment against Defendants Lawrence A. Husick, Robert S. Lipton, Laurence A. Weinberger, and Lipton, Weinberger & Husick, jointly and severally, for compensatory and punitive damages in an amount in excess of $150,000, exclusive of interest and costs.

_____
CARL N. MARTIN II, ESQUIRE
Attorney for Plaintiffs
Attorney I.D. No. 13154
1800 John F. Kennedy Boulevard
Suite 200
Philadelphia, PA 19103-7410
(215) 564-3470
carlnmii@verizon.net

DATED:         December     , 2007

13